UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

WILLIAM  MOORE                                              CIVIL ACTION

VERSUS                                                      NO. 10-311
                                                            c/w  13-6448

OMEGA PROTEIN CORPORATION,                                  SECTION  "N"  (4)
ET AL

**<u>ORDER AND REASON</u>**

Before the Court is a Motion to Dismiss for Failure to State a Cause of Action Under

FRCP 12(b)(6), filed by defendants Omega Protein, Inc. and the *F/V Raccoon Point* (**Rec. Doc.**

**99**).  Memoranda in opposition are filed at Rec. Docs. 102, 103 and 105.

**I.      <u>BACKGROUND</u>:**

This case commenced as a personal injury action brought by a seaman, William Moore,

against his Jones Act employer, Omega Protein, for damages he sustained when his leg was

fractured aboard his employer's fishing vessel, the *Raccoon Point*.   The Jury found no Jones Act

negligence on the part of Omega Protein and no unseaworthiness on the part of the *F/V Raccoon*

*Point*, and this verdict was made the judgment of the Court.  Rec. Doc. 63 at 6-7; Rec. Doc. 64.

Issues relating to the plaintiff's maintenance and cure claim were not tried to the jury.  Rather,

the Court dismissed this claim as "moot" based upon plaintiff's counsel's representation that it

was no longer being pursued and upon the fact that such issues were not included in the jury

verdict forms and other pretrial materials submitted to the Court.  Rec. Doc. 81 at 163.  In the

Joint Pre-Trial Order, the defendants had represented that Omega Protein had "paid maintenance

and cure benefits to Moore from the date of his accident to the date he reached maximum medical cure."[1]  Rec. Doc. 32 at 6.

After the judgment was affirmed on appeal and certiorari denied,[2] the plaintiff filed suit in state court against his attorneys, alleging that eighteen months after the completion of trial, he had received collection notices from Air Med Services, LLC and/or Acadian Ambulance Services, for air medical transport services rendered to the plaintiff on the date he fractured his leg.  *See* Civil Action No. 13-6448 (Rec. Doc. 1-1 at 3-7 of 7).   He alleged that Acadian later sued him on the invoice and obtained a judgment against him in the amount of $13,519.59.  *Id.* at 5 of 7.  Plaintiff alleged that his attorneys had breached their duty of care to him *inter alia* by failing to oppose dismissal of the maintenance and cure claim and by failing to introduce evidence contradicting Omega Protein's "assertions that all maintenance and cure benefits had been paid."  *Id.* at 6 of 7.   This suit was removed to this Court, transferred to this Section, and consolidated with the instant matter.  Rec. Doc. 90.

After removal, the plaintiff amended his complaint to add a claim against Omega Protein and the *Raccoon Point*.  Rec. Doc. 98.  Plaintiff alleges that "Omega's counsel represented that maintenance and cure was paid," and that "notwithstanding the representations made by Omega in the pre-trial order and/or during the trial on the Lawsuit, Omega was aware of the existence of the Acadian Invoice and/or Omega's outstanding obligation to pay cure benefits relating to the medical treatment and/or services rendered to Petitioner by Acadian."  Rec. Doc. 98 at 3 of 7.

---

[1]  Omega Protein represented in the pretrial order that plaintiff "reached maximum medical improvement...on July 5, 2009."  Rec. Doc. 32 at 5.

[2]  Rec. Docs. 86 and 89.

## II.   LAW AND ANALYSIS:

The Federal Rules provide that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).   This pleading standard "does not require 'detailed factual allegations.' "  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*   A claim does not have plausibility if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."  *Id.* at 679; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact).").

The movants argue that plaintiff's amended complaint fails to state a viable claim because:  (1) Omega Protein and the *Raccoon Point* owed no duty to ensure that all of the plaintiff's claims were advanced during the personal injury suit; 2) the plaintiff's maintenance and cure claims are barred by *res judicata*; and 3) the plaintiff is attempting to seek relief from a prior judgment, which attempt is untimely under Rule 60(c) of the Federal Rule of Civil Procedure.

The movants' first argument is a red herring.  Nowhere does the plaintiff assert that the movants owed any duty to assert claims on the plaintiff's behalf.   Rather, the duty underlying the

3

plaintiff's claim is a duty of candor and truthfulness to the Court, to the plaintiff, and to opposing counsel.   Plaintiff's claim against the movants is not that they failed to advocate on his behalf, but that they made misrepresentations of fact (*i.e.*, they represented that Omega had paid maintenance and cure from the date of the accident through the date of maximum medical cure, when in fact they knew that the Acadian invoice for services rendered on the date of the accident had not been paid).

The second and third arguments likewise fail.   The movants represented to the Court, the plaintiff, and opposing counsel that Omega Protein had "paid maintenance and cure benefits to Moore from the date of his accident to the date he reached maximum medical cure."  Rec. Doc. 32 at 6.   Plaintiff alleges that notwithstanding this representation, "Omega was aware of the existence of the Acadian Invoice and/or Omega's outstanding obligation to pay cure benefits relating to the medical treatment and/or services rendered to Petitioner by Acadian."  Rec. Doc. 98 at 3 of 7.   If proven, this would constitute a fraud on the Court.   In such event, the Court would not be restrained by the one-year time limitation of Rule 60(c), but could set aside the judgment, which would no longer serve as a bar to the plaintiff's claim.   *See* Fed. R. Civ. P. 60(d)(3).   Therefore, the Court finds that the plaintiff has stated a claim against the movants that is plausible on its face.

Furthermore, the Court cautions Omega Protein that if the plaintiff's allegations are true, it would be well served to fulfill its obligations to this seaman post haste.  If it fails to do so, and plaintiff succeeds in proving his claim against the movants, not only will Omega Protein risk punitive damages for willful failure to pay cure benefits, but it and/or its attorneys may be

subject to sanctions.

Accordingly;

    **IT IS ORDERED** that the Motion to Dismiss for Failure to State a Cause of Action

Under FRCP 12(b)(6), filed by defendants Omega Protein, Inc. and the *F/V Raccoon Point* (**Rec.**

**Doc. 99**) is hereby **DENIED**.

    New Orleans, Louisiana, this 30th day of April, 2014.

                    **KURT D. ENGELHARDT**
                    **United States District Judge**